UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA MIKENAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-00958 (UNA) |
| v. ) | |
| ) | |
| TONY LUNA, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

In disjointed fashion, and not even in complete sentences, plaintiff accuses defendant of stalking, financial exploitation, making death threats, and in conjunction with others, conducting illegal surveillance. *See* Compl. at 1. Plaintiff is "suing for mental harm + torture of [herself] and [her] children." *Id*.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated

1

and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice. An Order is issued separately.

DATE: April 19, 2023

/s/
TANYA S. CHUTKAN
United States District Judge